USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WADE MUNDY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

MEGAN HOLDINGS LIMITED, DARREN HOO AKA HOO WEI SERN, NG KAI TIE, D. BORAL CAPITAL LLC, and WWC, P.C.,

Defendants.

26 Civ. 5754 (AT)

**ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING SELECTION OF LEAD COUNSEL**

ANALISA TORRES, District Judge:

Wade Mundy and Ronald Cagle (together, the "Megan Holdings Investor Group" or "MHIG") moved on September 8, 2026 for appointment as lead plaintiffs and approval of their selection of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead counsel for the proposed class. *See* MHIG Mot., ECF No. 25; MHIG Mem., ECF No. 26; *see also* Guiney Decl., ECF No. 27. That same day, Dean Williams ("DW") also moved for appointment as lead plaintiff and sought approval of his selection of the law firm of Pomerantz LLP as lead counsel for the proposed class. *See* DW Mot., ECF No. 28; DW Mem., ECF No. 30; Hood Decl., ECF No. 31. Megan Holdings Investor Group then filed a supplemental memorandum of law in support of their motion, claiming to be the "movant with the greatest financial interest." MHIG Supp. Mem., ECF No. 32, at 1. Subsequently, Williams submitted a notice of non-opposition to Megan Holdings Investor Group's motion, acknowledging that "it appears that Williams does not have the 'largest financial interest' in this litigation." DW Non-Opp'n Notice, ECF No. 33. For the reasons stated below, Megan Holdings Investor Group's now unopposed motion is GRANTED and Williams' motion is DENIED.

## LEGAL STANDARD

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[1] The PSLRA provides that the Court "shall adopt a presumption" that the most adequate plaintiff is the person or group of persons that: "(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the [C]ourt, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii)(I). "At this stage in the litigation, one need only make a 'preliminary showing' that Rule 23's typicality and adequacy requirements have been satisfied." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) ("[A] wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." (alterations in original) (citation omitted)); *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

## DISCUSSION

The Megan Holdings Investor Group meets the PSLRA's requirements. *See* MHIG Mem. at 3–5. Megan Holdings Investor Group's motion is timely. *See* MHIG Mem. at 4; ECF No. 27-4, Ex. D (public notice dated July 7, 2026); 15 U.S.C. § 78u-4(a)(3)(A)(II). With Williams' notice of non-opposition, no other investor has filed a motion for appointment as lead plaintiff, and Megan

---

[1] The Court is not aware of cases requiring consolidation at this time. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Holdings Investor Group represents that it has "the greatest financial interest within the meaning of the PSLRA, having incurred a loss of $524,301.65." MHIG Supp. Mem. at 1: *see also* ECF No. 27-2, Ex. B (loss chart). At this stage, it appears to the Court that Megan Holdings Investor Group's claims are typical of a class of similarly situated purchasers of Megan Holdings Limited securities who suffered a loss as a result of the Defendants' alleged misconduct and that Megan Holdings Investor Group would be an adequate class representative. *See* Mem. at 5–6.

Finally, under the PSLRA, the lead plaintiffs are authorized to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Wolf Haldenstein has extensive experience in securities litigation and the requisite resources to zealously represent the proposed class. *See* MHIG Mem. at 7; ECF No. 27-5, Ex. E (Wolf Haldenstein resume). The Court, therefore, approves the selection of Wolf Haldenstein as lead counsel for the proposed class.

Accordingly:

1. The Megan Holdings Investor Group's motion is GRANTED.
2. The Megan Holdings Investor Group is appointed as Lead Plaintiffs for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).
3. Megan Holdings Investor Group's selection of Wolf Haldenstein as Lead Counsel is APPROVED under 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiffs and the putative class:
    a. the briefing and argument on any and all motions;
    b. the conduct of any and all discovery proceedings including depositions;
    c. settlement negotiations;
    d. the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and delegation of work responsibilities to selected counsel as may be required;

e. the preparation and filing of all pleadings.

4. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Service upon any plaintiff of all pleadings, motions, or other papers in the action, except those specifically addressed to a plaintiff other than Lead Plaintiffs, shall be completed upon service of Lead Counsel.

6. Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

7. All securities class actions arising out of the same facts and claims on behalf of purchasers of Megan Holdings Limited securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this order, must file an application for relief from this order within ten days after the action is consolidated into this action.

8. Every pleading in this action, and any related action that is consolidated with this action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MEGAN HOLDINGS LIMITED<br>SECURITIES LITIGATION | 26 Civ. 5754 (AT)<br>CLASS ACTION |

9. Counsel in any related action that is consolidated with this action shall be bound by the organization of Plaintiffs' counsel as set forth herein

## CONCLUSION

Accordingly, Megan Holdings Investor Group's motion for appointment as Lead Plaintiffs and approval of their selection of Wolf Haldenstein as lead counsel is GRANTED. Williams' motion is DENIED. By **October 20, 2026**, Lead Plaintiffs together with all Defendants shall submit a joint letter proposing deadlines for (1) the filing of an amended complaint, if any, and (2) each Defendants' response to the operative complaint. *See* ECF Nos. 17, 20, 24.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 25, 28 and designate Wade Mundy and Ronald Cagle as Lead Plaintiffs as well as terminate Dean Williams from the docket.

SO ORDERED.

Dated: October 5, 2026
New York, New York

ANALISA TORRES
United States District Judge